KLEES, Judge.
This is a suit against New Orleans Public Service, Inc. (NOPSI), and its bus driver for personal injuries sustained by a street sweeper who was allegedly struck by a NOPSI bus. The trial court found in favor of the plaintiff and defendant appeals.
Plaintiff had been employed as a street sweeper by the City of New Orleans Department of Sanitation for a month prior to this incident. While sweeping dirt to the curb on Decatur Street, she alleges that she was struck in the back by a NOPSI bus. Plaintiff claims that the sole and proximate cause of the accident was the negligence of NOPSI through its employee, who was acting in the course and scope of his employment at the time of the accident.
The City of New Orleans, employer and self-insurer for Workmen’s Compensation of plaintiff, intervened in the suit for the amount of Workmen’s Compensation benefits paid to plaintiff and for its costs. The trial court found defendant negligent and awarded plaintiff $3,586.00 with interest and costs, including an expert fee for Dr. Carroll in the amount of $200.00. The court further ordered that, of this sum, the City of New Orleans, an intervenor, shall be paid, by preference and priority, the sum of $830.00.
In his Reasons for Judgment, the trial court stated, “If it didn’t knock her down, it surely blew her down.”
Plaintiff answered the appeal, and prayed for an increase in the amount of damages awarded by the trial court.
Defendant contends the trial court was manifestly erroneous in concluding that NOPSI was the proximate cause of the accident. We find sufficient evidence in the record to support the trial court’s findings and award of damages to plaintiff and no reason to increase the award.
A reviewing court must give great weight to the factual conclusions of the trier of fact and in the absence of manifest error, his findings should not be disturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
At trial plaintiff testified that she was sweeping the curb on Decatur Street with a co-worker on the date of the incident. She was standing off the street, her toes about an inch from the curb. Her back was to the street, and according to her testimony she neither heard the bus nor saw it coming. When it passed her, it allegedly hit her and caused her to fall over a horse hitch (a metal post) that was in front of her. When she got up, her co-worker gave her the number of the bus. Immediately after the accident, she claims to have experienced pain in her back, her head, and her chest.
Because the pains continued, she went to Dr. Carroll for an examination. For the following two months, she visited his office for therapy three times a week.
Dr. Carroll, an expert in the field of internal medicine, testified that upon examination of plaintiff, he found tender muscles in her lower back, and recommended muscle relaxants, and physical therapy. He felt at the time that she had musculoligamentous injury to the back or lower back strain. He also diagnosed tenderness or pressure at the sternal area (the chest). He testified that tenderness is an objective finding, and would be difficult to fake, and that when he notes in a report that there is tenderness, he is usually fairly certain that the patient is not feigning it. Dr. Carroll recommended that she not return to work until he had seen her again.
He stated at trial, that with reasonable medical certainty the accident she suffered was the producing cause of the injuries that he diagnosed and treated.
Dr. Espenan, an expert in the field of general surgery, was called by defendant to testify. He stated that although he found no tenderness along the vertebral column, he did find contusions to the back below the scapula and to the head.
Mr. Fox, the co-worker, was standing at the scene of the incident talking to a friend when the bus passed by. He testified that the bus almost hit him and it “scared the hell out of him”. He also stated that the bus was travelling extremely fast.
*80 Defendant argues that one should conclude from Fox’s testimony that the bus did not in fact strike plaintiff. Nonetheless, the trial judge did not conclude this, rather based upon Fox’s overall testimony found that the bus did cause the injuries complained of.
Defendant argues that because plaintiff did not call as a witness the man talking with Mr. Fox, who was looking toward the street at the time of the occurrence, it should be presumed that the testimony of this potential witness would have been adverse to plaintiff. This argument is without merit. If defendant felt that this testimony would have hurt plaintiff’s case, he should have called this witness to the stand himself.
Based on the testimony of the witnesses at trial, we find that plaintiff did carry her burden of proof, and that the trial court did not err in its award of damages to her.
Accordingly, the judgment appealed from is affirmed at defendant’s cost.
AFFIRMED.
BARRY, J., concurs with written reasons.